## IN THE CIRCUIT COURT OF THE DISTRICT OF NEW JERSEY

CASE NO.:

| | |
|---|---|
| ROBERT DOYLE, Individually, and all others similarly situated,<br><br>       Plaintiff,<br><br> against<br><br>JOHN C. HEATH, PC, dba LEXINGTON LAW FIRM,<br><br>       Defendants. | **CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Robert Doyle (hereinafter "Plaintiff"), brings this class action against John C. Heath, PC, dba Lexington Law Firm ("Lexington" or "Defendant"), and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief.

## NATURE OF THIS ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), arising from Defendant's violations of the TCPA and its implementing regulations.

2. To promote its credit repair business, Defendant engages in unsolicited telemarketing, including prerecorded message calls.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal and equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

4. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153 (39).

5. Defendant is, and at all times relevant hereto was, a Utah PC and a "person," as defined by 47 U.S.C. § 153 (39), that maintains its primary place of business and headquarters in in Salt Lake City, Utah. Defendant directs, markets, and provides business activities throughout the United States.

6. John Heath is the directing attorney of Lexington Law Firm.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 USC 1331. This Court has federal question jurisdiction because this case arises out of violations of federal law 47 U.S.C. 227(b).

8. Venue is proper in this district pursuant to 18 U.S.C. §1391(b)(2) because all facts giving rise to this action occurred in this circuit.

## THE TCPA

9. The TCPA prohibits any person from calling a cellular telephone number by using either an automatic telephone dialing system or an artificial or prerecorded voice, unless the receipient's prior express consent was obtained. 47 U.S.C. § 227(b)(l)(A).

10. The TCPA exists to prevent communications like the ones described within this Complaint. "Voluminous consumer complaints about abuses of telephone technology — for example, computerized calls dispatched to private homes-prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

11. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded

voice." *Breslow v. Wells Fargo Bank, NA.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla.2012), *aff'd,,* 155 F-3d 1265 (11th Cir. 2014).

12. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Red 14014 (2003).

13. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls requiring "prior express **written** consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 4ff 20 (Feb. 15, 2012) (emphasis supplied).

14. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent … and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates". *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶20, 1844 ¶33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

15. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services". 47 C.F.R. § 64.1200(f)(l2). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC,* 788 F.3d 814,820 (8th Cir. 2015).

16. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context'." *Id.* (citing *Hasbro v. Best Buy Stores, L.P.,* 705 F.3d 913, 918 (9th Cir. 2012)).

17. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan,* 788 F.3d at 820 (citing 47 C.F.R. § 64.1200{a)(2)(iii); 47 C.F.R. § 64.1200(f)(l2); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 F.C.C. Red at 140981141, 2003 WL 21517853, at *49).

18. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Red. 14014, ¶¶139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future. Id.*

19. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Red. 14014, ¶ 136 (2003).

20. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## **FACTS**

21. Lexington was at all relevant times in the business of credit repair services.

22. On September 20, 2017, at 12:01 pm, and possibly at additional times, Doyle was contacted, on his personal cell phone, by an automated telephone dialing system using a prerecorded

voice, as defined by 47 U.S.C. §§227(a)(1) and (b)(1)(B) ("ROBO CALL"), offering Doyle credit repair services.

23. The recorded voice was that of a female.

24. After listening to the recorded voice, Doyle spoke with a live woman named Mariah.

25. Mariah said she was calling from Lexington Law Firm and that the website of the firm is LexingtonLaw.com.

26. The Robo Call was for commercial purposes and did not constitute an emergency.

27. The Robo Call violated 47 U.S.C. §(b)(1)(B).

28. The aforementioned recorded call(s) were either made by Lexington or by a third party upon Lexington's behalf

29. At no time did Plaintiff provide Plaintiff's cellular number to Defendant through any medium, nor did Plaintiff consent to receive such unsolicited calls.

30. Plaintiff has never signed-up for, and has never used, Defendant's services, and has never had any form of business relationship with Defendant.

31. Plaintiff is the subscriber and sole user of the 4166 Number and is financially responsible for phone service to the 4166 Number, including the cellular costs and data usage incurred as a result of the unlawful calls made to Plaintiff by Defendant.

32. These calls were not for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. Plaintiff did not provide Defendant, nor its agents, prior express consent to receive calls, including unsolicited calls, to Plaintiff's cellular telephone, pursuant to 47 U.S.C.

34. Plaintiff was damaged by Defendant's calls. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and

Plaintiff has become understandably irritated and frustrated with having to deal with repeated and unwanted calls, forcing him to divert attention away from his work and other activities. Not only did the receipt of the robocalls distract Plaintiff away from his personal activities, he was forced to spend time investigating the source of the calls. *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact".… "[A] small injury… is enough for standing purposes").

## CLASS ACTION ALLEGATIONS
### PROPOSED CLASS

35. Plaintiff brings this lawsuit as a class action on behalf of himself, individually, and all other similarly situated persons, as a class action, pursuant to Rule 23 of FRCP. The class that Plaintiff seeks to represent is comprised of and defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a call from Defendant, or anyone on Defendant's behalf, that employed a prerecorded or artificial voice to said persons' telephone numbers, advertising Defendant's services, without the recipients' prior express consent (the "Class" or the "Class Members").**

36. Excluded from the Class are Defendants, their directors, officers, employees, subsidiaries, and affiliates; and members of the judiciary.

37. Plaintiff believes the number of members in the putative Class is likely many thousand, if not greater.

### NUMEROSITY

38. Upon information and belief, Defendant has placed prerecorded voice calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. The exact number and identities of the Class Members are unknown at this time and can be ascertained only through discovery. Identification of the Class Members is a matter capable of ministerial determination from Defendant's, or Defendant's agents', call records.

## COMMON QUESTIONS OF LAW AND FACT

40. There is a well-defined community of common questions of law and fact affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class Members. These common legal and/or factual questions include, but are not limited to, the following:

   a. Whether Defendant made non-emergency calls to Plaintiff and Class Members' telephones using a prerecorded voice;

   b. Whether Defendant can meet its burden of showing that it had express written consent to make such calls;

   c. Whether Defendant's conduct was knowing and willful;

   d. Whether Defendant is liable for damages and the amount of such damages; and

   e. Whether Defendant should be enjoined from such conduct in the future.

41. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded voice calls to telephone numbers is accurate, Plaintiff and the Class Members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

42. Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

## PROTECTING THE INTERESTS OF THE CI.ASS MEMBERS

43. Plaintiff is a representative who will fully and adequately assert and protect the

interests of the Class and has retained competent counsel. Accordingly, Plaintiff will fairly and adequately protect the interests of the Class.

## SUPERIORITY

44. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class Members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions might be dispositive of the interests of the Class, even though some Class Members are not parties to such actions.

## COUNT I
## VIOLATIONS OF 47 U.S.C. § 227(b)
## (On Behalf of Plaintiff and the Class)

46. Plaintiff re-alleges and incorporates the foregoing allegations as it fully set forth herein.

47. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a …cellular telephone service…". 47 U.S.C. 227(b)(1)(A)(iii).

48. Defendant used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without prior consent.

49. These calls were made without regard to whether or not Defendant had first obtained express permission from the called parties to make such calls. In fact, Defendant did not have prior express consent to call any of these cellular phones.

50. Defendant has therefore violated § 227(b)(1)(A)(iii) of the TCPA by initiating telephone calls that used artificial or prerecorded voices to deliver non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

51. The aforementioned acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

52. At all relevant times, Defendants knew, or should have known, that its conduct as alleged herein violated the TCPA.

53. Defendant knew that it did not have prior express consent to make these calls, and knew, or should have known, that its conduct violated the TCPA.

54. Because Defendant knew, or should have known, that Plaintiff and Class Members did not give prior express consent to receive calls that employed artificial or prerecorded voices, the Court should treble the amount of statutory damages recoverable by Plaintiff and members of the putative Class, pursuant to § 227(b)(3) of the TCPA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    a. An order certifying this case as a class action on behalf of the Class, as defied above, and appointing Plaintiff the representative of the Class, and Plaintiff's counsel the Class counsel;

    b. An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

    c. An injunction requiring Defendant to cease all unsolicited prerecorded and/or artificial-voice calling activity, and to otherwise protect the interests of the Class;

    d. An injunction prohibiting Defendant from using, or contracting the use of, prerecorded and/or artificial-voice calls without obtaining, recipients' consent to receive calls made with such equipment;

    e. A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200(c);

    f. A declaration that Defendant's violation of 47 C.F.R. § 64.1200(c) were willful and knowing;

    g. An award of actual and statutory damages for Plaintiff and each member of the Class in the amount of $1,500.00;

    h. Reasonable attorney's fees and costs; and

    i. Such further and other relief as this Court deems reasonable and just.

## JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: September 17, 2021        Respectfully submitted,

/s/ Robert Doyle

_____

Robert Doyle
Attorney at Law
26 Netcong Heights, #9
Netcong, NJ 07857
(646) 434-7539
Rdoyle235@Gmail.com